IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SUSAN KAY NAIL, | ) | CASE NO.: 12-83737-JAC-7 |
| XXX-XX-1660 | ) | |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| SUSAN KAY NAIL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No. _____ |
| | ) | |
| COLTATE CAPITAL, L.L.C., | ) | |
| | ) | |
|     Defendant. | ) | |

COMPLAINT TO DETERMINE VALIDITY, EXTENT, AND PRIORTY OF LIEN

COMES NOW Plaintiff Susan Kay Nail ("Plaintiff"), and files this Complaint to Determine the Validity, Extent, and Priority of Lien against Defendant Coltate Capital, L.L.C., stating the following in support thereof:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is the Debtor in the above styled Chapter 7 case (hereinafter "Debtor") and entitled to file this adversary proceeding in accordance with 11 U.S.C. § 506 and Fed. R. Bankr. P. 7001.

2. Coltate Capital, L.L.C., which is a company organized and existing under the laws of the State of Oklahoma and may be served with process by first class mail, postage prepaid, pursuant to Fed. R. Bankr. P. 7004, to Coltate Capital, L.L.C., c/o Anthony Tony Wildman, its Registered Agent, located at: 123 Robert S Kerr Ave, Oklahoma City, OK 73102-6406, with a copy to James T. Baxter III, Esq., of Ables , Baxter, Parker & Smith, P.C., Attorneys for Coltate Capital, L.L.C., P. O. Box 165, Huntsville, AL 35804-0165. A search of the State of Alabama Secretary of State's

Business Entity Records did not produce any records indicating Coltate Capital, L.L.C. was registered in the State of Alabama or had a registered agent in the State of Alabama.

3. This Honorable Court has jurisdiction to hear their adversary proceeding pursuant to 28 U.S.C. § 1334 and venue lies in their district and division in accordance with 28 U.S.C. § 1409. This is a "core" proceeding as determined by 28 U.S.C. § 157(b)(2)(F).

4. The basis of Plaintiff's Complaint involves a mortgage on real property situated in the State of Alabama.

## STATEMENT OF FACTS

5. On November 20, 2012, Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Northern Division of Alabama.

6. At the time of filing her petition, Debtor owned a dwelling and real property at 1524 Heron Dr., Birmingham, AL 35214 (the "Property").

7. As of the Petition Date, there were two mortgages which encumbered the Property:

   a. A first mortgage in favor of Health Credit Union in the approximate amount of $18,000.00, recorded on July 18, 2003 a true and correct copy of this mortgage is attached as Exhibit "A".

   b. A second mortgage in favor of Worthington Mortgage Group, Inc., who later transferred the mortgage to Homecomings Financial and then later to the current mortgage holder, Defendant Coltate Capital, L.L.C., in the approximate amount of $44,500.00, recorded on July 29, 2004, a true and correct copy of this mortgage is attached as Exhibit "B".

8. As of the petition date, the Property had a value of approximately $7,500.00. A true and correct copy of Uniform Residential Appraisal Report prepared by Brett Alan Thompson, a Certified Residential Real Property Appraiser, on the Property is attached hereto as Exhibit "C".

9. Section 506 of the Bankruptcy Code provides, in part, that a creditor's claim is a secured claim to the extent of the value of such creditor's interest in the estate's

property and an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.

10. Debtor asserts that the fair market value of her residence is less than the amount owed under the first mortgage. In addition see letter from Coltate Capital, L.L.C. which states, "Because of the equity position, we choose not to commence foreclose [sic] proceedings at this time but are considering suit on the note in which a judgment will be obtained for possible garnishment", and which is attached hereto as Exhibit "D". Accordingly, there is no equity for the second mortgage lien of Coltate Capital, L.L.C. to attach to their Property. Therefore, the second mortgage lien held by Coltate Capital, L.L.C. should be declared VOID and the debt owed to Coltate Capital, L.L.C. be determined to be unsecured.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this Honorable Court:

a. Determine the extent to which the second mortgage of Coltate Capital, L.L.C. attaches to the Property pursuant to 11 U.S.C. § 506;

b. Find that there is no equity in the Property to which the second mortgage may attach and that Coltate Capital, L.L.C.'s second mortgage lien is therefore VOID and that the debt owed to Coltate Capital, L.L.C. is unsecured.

c. Grant Plaintiff such further and additional relief as to which she is justly entitled.

Respectfully submitted on this the 9th day of January 2013.

/s/ Richard L. Collins
Richard L. Collins  (ASB-8742-C66R)
Attorney for Debtor
P. O. Box 669
Cullman, AL 35056
(256) 739-1962
richard@rlcollins.com

## CERTIFICATE OF SERVICE

This is to certify that on the 9<u>th</u> day of January, 2013 a copy of this pleading was served by placing a copy of the same in the U. S. Mail with postage prepaid and correctly addressed to the following:

Honorable Phillip A. Geddes
Chapter 13 Standing Trustee
P O Box 2388
Decatur, AL  35602

Richard M. Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL 35602

Coltate Capital, L.L.C.
c/o Anthony Tony Wildman (Oklahoma Registered Agent)
123 Robert S Kerr Ave
Oklahoma City, OK  73102-6406

James T. Baxter III, Esq.
Ables , Baxter, Parker & Smith, P.C.
Attorneys for Coltate Capital, L.L.C.
P. O. Box 165
Huntsville, AL 35804-0165

/s/ Richard L. Collins
Richard L. Collins